

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-25-00049-CV

———————————————

HIGH RISK PREGNANCY DOCTORS, PLLC AND VIOLETTA LOZOVYY,
Appellants

V.

LINCOLN PROPERTY COMPANY D/B/A LINCOLN HARRIS CSG AND
DOUGLAS MACLAY, Appellees

On Appeal from the 67th District Court
Tarrant County, Texas
Trial Court No. 067-358662-24

Before Sudderth, C.J.; Kerr and Walker, JJ.
Memorandum Opinion by Justice Walker

## MEMORANDUM OPINION

Appellants High Risk Pregnancy Doctors, PLLC and Violetta Lozovyy filed suit against Lincoln Property Company d/b/a Lincoln Harris CSG (Lincoln Property),[1] Douglas Maclay (Maclay), and HRT Properties of Texas, LTD (HRT Properties).

Lincoln Property and Maclay moved pursuant to Rule 91a for the trial court to dismiss Appellants' claims against them.  *See* Tex. R. Civ. P. 91a.  On January 15, 2025, the trial court signed an order granting the motion and dismissing Appellants' claims against Lincoln Property and Maclay with prejudice.  On February 4, 2025, Appellants filed their notice of appeal attempting to appeal from that order.

Our appellate jurisdiction is limited to appeals from final judgments and from interlocutory orders made appealable by statute.  *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001) (stating that "the general rule, with a few mostly statutory exceptions, is that an appeal may be taken only from a final judgment"); *see also* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a); *see also Hills v. Martin*, No. 14-23-00621-CV, 2024 WL 4824103, at *1 (Tex. App.—Houston [14th Dist.] Nov. 19, 2024, no pet.) (noting no statutory provision making interlocutory Rule 91a order appealable).  When an order does not dispose of all pending parties and claims, the

---

[1]Lincoln Property Company d/b/a Lincoln Harris CSG clarified in its motion to dismiss that it was misnamed in the clerk's record and that its correct name is Lincoln Property Company Commercial Service Enterprises, LLC.

order remains interlocutory and unappealable until final judgment is rendered unless a statutory exception applies. *Bally Total Fitness Corp. v. Jackson*, 53 S.W.3d 352, 352 (Tex. 2001); *Jack B. Anglin Co., Inc. v. Tipps*, 842 S.W.2d 266, 272 (Tex. 1992) (orig. proceeding).

After reviewing the clerk's record, we sent a letter to Appellants expressing our concern that we lack jurisdiction over this appeal because it appeared that the trial court's order granting the dismissal motion was neither a final judgment nor an appealable interlocutory order. We warned Appellants that unless they or any other party filed a response showing grounds for continuing the appeal, we could dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 44.3.

Appellants responded, stating that "[e]ven though the trial court's order does not specifically state that it is a final appealable order dismissing all claims and all parties, the practical effect of the order does just that. This is because all of Appellants' claims against each of the parties are identical and the trial court's order effectively disposes of all claims against all the defendants."

However, that is not the case. The order dismissed the claims against Lincoln Property and Maclay but made no mention of the claims against HRT Properties. Therefore, it appears that Appellants' claims against HRT Properties remain pending. The order is thus not final. *See Lehmann*, 39 S.W.3d at 205–06; *Fisher v. Med. Ctr. of Plano*, No. 05-14-01441-CV, 2015 WL 73441, at *1–2 (Tex. App.—Dallas Jan. 6, 2015, no pet.) (mem. op.) (explaining that an appeal from order granting a dismissal motion

3

was interlocutory because plaintiff's claim against originally unserved defendant was still pending in the trial court).

Without a final judgment or appealable interlocutory order, we lack jurisdiction over the appeal, and we must dismiss it. *See Lehmann*, 39 S.W.3d at 195. Accordingly, we dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f).

/s/ Brian Walker

Brian Walker
Justice

Delivered: March 6, 2025